**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL JURIK and DALE TOMPKINS, for themselves and on behalf of similarly situated others, | Case No.  08 C 544 |
| Plaintiffs, | |
| v. | Judge Kennelly |
| | Magistrate Judge Schenkier |
| MARSH AND MCLENNAN COMPANIES, INC., | |
| Defendants. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq*., and THE ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/1 *et seq*.**

Defendant Marsh and McLennan Companies, Inc., by and through its attorneys, submits this Answer and Affirmative Defenses.  Defendant states that Marsh and McLennan Companies, Inc. is not the proper defendant to this litigation as that entity does not employ Plaintiffs.  Defendant states that although the Complaint title references violations of the Illinois Minimum Wage Law, Plaintiffs have not made any allegations related to the Illinois Minimum Wage Law.  Defendant further states as follows:

**I.      INTRODUCTION**

1.      Plaintiffs and similarly situated others work or worked for Defendant, one of the country's largest insurance companies, as Policy Analysts.  Defendants never paid Plaintiffs and similarly situated others, who were salaried employees, overtime for any hours worked in excess of 40 in any given week, despite that they were nothing more than proofreaders.  Defendants' violations of federal overtime laws were willful.

**ANSWER:**

Defendant admits that Plaintiff Michael Jurik was employed by Marsh USA, Inc. as a Policy Analyst from on or about August 14, 2006 through November 30, 2007 and was a salaried

employee who did not receive overtime. Defendant admits that Dale Tompkins currently is employed as a Policy Analyst by Marsh USA, Inc. and is a salaried employee who does not receive overtime. Defendant denies that Plaintiffs are employed by the entity Marsh and McLennan Companies, Inc. Defendant denies that a similarly situated group exists and denies that collective or class treatment is appropriate. Defendant denies all remaining allegations in Paragraph 1.

## II.    PARTIES

2.    Plaintiffs Michael Jurik, Dale Tompkins, and similarly situated others, are current and former employees of Defendant and are employees as defined in 29 U.S.C. §203(e). Consents to be Plaintiffs are attached as Exhibit A to this Complaint.

**ANSWER:**

Defendant admits that Plaintiff Michael Jurik is a former employee and that Dale Tompkins is a current employee of Marsh USA, Inc. as defined in 29 U.S.C. §203(e). Defendant denies that Plaintiffs are employed by the entity Marsh and McLennan Companies, Inc. Defendant admits that Consents to be Plaintiffs are attached as Exhibit A to the Complaint. Defendant denies that a similarly situated group exists. Defendant denies all remaining allegations in Paragraph 2.


3.    Plaintiffs bring claims individually and as part of a collective action under 29 U.S.C. §216(b) on behalf of other similarly situated employees currently or formerly employed by Defendants [sic]. The collective action claims are for overtime compensation, liquidated damages (or, alternatively, interest), and attorney's fees and costs under 29 U.S.C. §§207 and 216(b).

**ANSWER:**

Defendant admits that Plaintiffs purport to bring a collective action under 29 U.S.C. §216(b) on behalf of other similarly situated employees currently or formerly employed by Defendants [sic] for claims of overtime compensation, liquidated damages (or, alternatively, interest), and attorney's fees and costs under 29 U.S.C. §§207 and 216(b). Defendant denies that Plaintiffs are

employed by the entity Marsh and McLennan Companies, Inc.  Defendant denies that a similarly situated group exists, denies that collective or class treatment is appropriate, and denies that Plaintiffs are entitled to such relief.  Defendant denies all remaining allegations in Paragraph 3.

4.      Defendant Marsh and McLennan Companies, Inc. ("Marsh") is a corporation licensed in Delaware and doing business within the territorial limits of this District.  Defendant Marsh was and is at all relevant times an employer and an enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C. §§203(d) and 203(s).

**ANSWER:**

Defendant admits that Marsh and McLennan Companies, Inc. is a Delaware corporation and doing business in this District.  Defendant denies all remaining allegations in Paragraph 4.

5.      Defendant employs, or has employed, Plaintiffs and many hundreds of similarly situated employees across the United States.

**ANSWER:**

Defendant admits that Marsh USA, Inc. employed Michael Jurik and currently employs Dale Tompkins.  Defendant denies that Plaintiffs are employed by the entity Marsh and McLennan Companies, Inc.  Defendant denies that a similarly situated group exists.  Defendant denies all remaining allegations in Paragraph 5.

### III.    JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiffs' claims against Defendant pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

**ANSWER:**

Defendant denies that this Court has jurisdiction over the entity Marsh and McLennan Companies, Inc.  Defendant admits all remaining allegations in Paragraph 6.

7.     Venue is proper in this District as the acts giving raise to this cause of action took place in this District and Defendant regularly conducts business in this District.

**ANSWER:**

Defendant denies the allegations in Paragraph 7.


## IV.    FACTUAL BACKGROUND

8.     Defendant Marsh is an insurance company whose primary clients are large domestic and global companies that require property and casualty insurance.

**ANSWER:**

Defendant admits that Marsh USA, Inc. is an insurance broker and strategic risk consultant engaged in brokering and servicing property and casualty insurance.  Defendant denies all remaining allegations in Paragraph 8.


9.     Plaintiffs and similarly situated others are salaried employees who work or worked for Defendant as Policy Analysts.  Defendant employs hundreds of Policy Analysts throughout the United States.

**ANSWER:**

Defendant admits that Plaintiffs Michael Jurik and Dale Tompkins were or are salaried employees who work or worked for Marsh USA, Inc. as Policy Analysts.  Defendant denies that Plaintiffs are or were employed by the entity Marsh and McLennan Companies, Inc.  Defendant admits that Marsh USA, Inc. employs more than one hundred individuals in the Policy Analyst position.  Defendant denies that a similarly situated group exists.  Defendant denies all remaining allegations in Paragraph 9.


10.    Defendant Marsh's insurance policies are of a limited duration.  Once a customer's insurance policy lapses, the client has to enter into a new policy to continue coverage.

**ANSWER:**

Defendant admits that insurance policies are of limited duration and that customers may elect to enter into new policies to continue coverage.  Defendant denies all remaining allegations in Paragraph 10.

11.     Plaintiffs' duties as Policy Analysts involve proofreading new policies to make sure that items included in a client's previous policy are carried over to the new policy.  Plaintiffs and similarly situated others have been warned that they are not to read the policies they work on.

**ANSWER:**

Defendant denies the allegations in Paragraph 11.

12.     None of the Plaintiffs have management authority.

**ANSWER:**

Defendant lacks sufficient information to either admit or deny the allegations in Paragraph 12 and therefore denies the allegations in Paragraph 12.

13.     Plaintiffs and similarly situated others are required to work long hours after work and on weekends to complete their work assignments or they face disciplinary action.

**ANSWER:**

Defendant denies the allegations in Paragraph 13.

14.     Defendant is aware of and encourages the long hours worked by Plaintiffs and similarly situated individuals.

**ANSWER:**

Defendant denies the allegations in Paragraph 14.

15.    Defendant fails to make and keep records of all of the hours Plaintiffs and similarly situated individuals have worked as required by the Fair Labor Standards Act ("FLSA").

**<u>ANSWER:</u>**

Defendant denies the allegations in Paragraph 15.

16.    Defendant has also knowingly and intentionally failed to provide Plaintiffs and similarly situated individuals with an itemized statement of total hours worked with each payment of wages.

**<u>ANSWER:</u>**

Defendant denies the allegations in Paragraph 16.

17.    Upon information and belief Defendant's unlawful pay practices are consistent for Plaintiffs and similarly situated employees throughout the United States.

**<u>ANSWER:</u>**

Defendant denies the allegations in Paragraph 17.

18.    Plaintiffs and similarly situated employees are covered by the FLSA, which requires employers to pay employees one-and-one half times their normally hourly rate for hours worked in excess of 40 in any given week.

**<u>ANSWER:</u>**

Defendant admits that the FLSA requires employers to pay certain employees one-and-one half times their hourly rate for hours worked in excess of 40 hours per week.  Defendant denies all remaining allegations in Paragraph 18.

19.    Plaintiffs and similarly situated individuals have not been paid overtime for any hours in excess of 40 in any given week.

LEGAL_US_E # 78367151.1

**ANSWER:**

Defendant admits that Plaintiffs Michael Jurik and Dale Tompkins did not receive overtime for any hours worked in excess of 40 hours in any given week.  Defendant denies that a similarly situated group exists.

20.    Plaintiffs and similarly situated individuals have complained to Defendant of having not received overtime.  Nevertheless, they have not been paid overtime for any hours worked in excess of 40 in any given week.  Instead, they have been intimidated into not asking for overtime for fear of reprisal.

**ANSWER:**

Defendant admits that Plaintiffs Michael Jurik and Dale Tompkins did not receive overtime for any hours worked in excess of 40 hours in any given week.  Defendant denies all remaining allegations in Paragraph 20.

21.    Plaintiffs do not fall under any of the exemptions from the federal overtime requirements.

**ANSWER:**

Defendant denies the allegations in Paragraph 21.

22.    Defendant's denial of overtime compensation to Plaintiffs and similarly situated individuals has been willful and deliberate.

**ANSWER:**

Defendant denies the allegations in Paragraph 22.

## V.    COLLECTIVE ACTION ALLEGATIONS

23.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages (or, alternatively, interest)

and attorney's fees under the FLSA. In addition, numerous current and former employees are similarly situated to Plaintiffs with regard to their wages and claims for unpaid wages and damages, in that they have been denied proper overtime compensation by Defendant in the three (3) years prior to the filing of this Complaint.

**ANSWER:**

Defendant denies the allegations in Paragraph 23.

24.    Plaintiffs are representative of those other current and former employees of Defendant and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. These similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's records. These individuals may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C §216(b) for the purposes of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorney's fees under the FLSA.

**ANSWER:**

Defendant denies that Plaintiffs are employed by the entity Marsh and McLennan Companies,

Inc. Defendant denies the allegations in Paragraph 24.

## VI.    COLLECTIVE ACTION CLAIMS
### DENIAL OF OVERTIME COMPENSATION
### (29 U.S.C. §§207, 211(c), 216(b))

25.    Plaintiffs hereby incorporate by reference paragraphs 1 through 24 above as though fully set forth herein.

**ANSWER:**

Defendant hereby incorporates by reference its answers to paragraphs 1 through 24 above as

though fully set forth herein.

26.    Under the FLSA, 29 U.S.C. §207, Defendant was and remains obligated to compensate Plaintiffs and similarly situated employees for all hours worked in excess of forty (40) in any given week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

LEGAL_US_E # 78367151.1

**ANSWER:**

Defendant denies the allegations in Paragraph 26.

      27.     During the three years prior to the filing of this Complaint, Plaintiffs and similarly situated employees were regularly permitted, encouraged, and/or required to work in excess of forty (40) hours per week but were not paid for such overtime work.

**ANSWER:**

Defendant denies the allegations in Paragraph 27.

      28.     By failing to pay overtime compensation due to Plaintiffs and similarly situated employees, Defendant willfully, knowingly, and/or recklessly violated the FLSA which require overtime compensation to be paid to non-exempt employees.

**ANSWER:**

Defendant denies the allegations in Paragraph 28.

      29.     As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**ANSWER:**

Defendant denies the allegations in Paragraph 29.

      30.     Defendant has made it difficult to account with precision for the unpaid overtime worked by Plaintiffs and similarly situated employees during the liability period because it did not make, keep, and preserve records of all the hours worked by such employees as required for non-exempt employees pursuant to 29 U.S.C. §211(c).

**ANSWER:**

Defendant denies the allegations in Paragraph 30.

WHEREFORE, Plaintiffs request the following relief:

a)    Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former similarly situated employees of Defendant during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked excess of forty (40) hours in a week during the past three (3) years and were not paid overtime as required by the FLSA;

b)    A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207, as to the Plaintiffs and similarly situated persons who opt into this action;

c)    A declaratory judgment that Defendant's violations of the FLSA were willful;

d)    An award to Plaintiffs and other similarly situated persons who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial;

e)    An award to Plaintiffs and other similarly situated persons who opt into this action of liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. §216(b); or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

f)    An award to Plaintiffs and other similarly situated person who opt into this action of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

g)    An award of such other and further relief as this Court deems just and equitable.

## ANSWER:

Defendant denies that Plaintiffs are entitled to such relief.

**WHEREFORE**, Defendant respectfully requests that the Court dismiss the Complaint against Defendant and grant Defendant such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted.

LEGAL_US_E # 78367151.1

2.  Plaintiffs have not sued the proper entity because the Defendant entity Marsh and McLennan Companies, Inc. does not employ Plaintiffs.

3.  Plaintiffs are not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiffs are not similarly situated to potential opt-ins, Plaintiffs have not defined potential opt-ins clearly and objectively, and Plaintiffs cannot adequately represent the interests of the potential opt-ins.

4.  Plaintiffs' attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each potential opt-in and each of Defendant's defenses is required.

5.  Plaintiffs' attempt to pursue this case as a class action fails because an independent and individual analysis of Plaintiffs' claims and the claims of each putative class member and each of the defenses is required.

6.  Plaintiffs' attempt to pursue this case as a collective action violates Defendant's constitutional rights to a jury trial and to due process.

7.  The claims of Plaintiffs and potential opt-ins are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimis* exception.

8.  The claims of Plaintiffs and potential opt-ins are barred as to all hours during which Plaintiffs and potential opt-ins were engaged in activities that were preliminary or postliminary to their principal activities.

9.  The claims of Plaintiffs and potential opt-ins are barred as to all hours allegedly worked of which Defendant lacked actual or constructive knowledge.

10. Plaintiffs and potential opt-ins have failed to mitigate damages, entitlement to which is expressly denied.

11. Plaintiffs' claims and the claims of potential opt-ins are barred, in whole or in part, by the doctrines of waiver and estoppel.

12. Plaintiffs' claims and the claims of potential opt-ins are barred, in whole or in part, by statutory exemptions of the FLSA.

13. Plaintiffs' claims and the claims of potential opt-ins are barred or subject to offset or reduction to the extent that their salaries were intended to compensate them for all hours worked each week, regardless of the number of hours worked in a particular workweek.

Respectfully submitted,

/s/ Ericka K. Foster
Steven T. Catlett
Ericka K. Foster
Paul, Hastings, Janofsky & Walker LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois  60606
Tel.:  312-499-6000
Fax:  312-499-6100
E-Mail:  stevencatlett@paulhastings.com
E-Mail:  erickafoster@paulhastings.com

Attorneys for Defendant
Marsh & McLennan Companies, Inc.

LEGAL_US_E # 78367151.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, I electronically filed the foregoing **Defendant's Answer to Complaint for Damages for Violations of the Fair Labor Standards Act, 29 U.S.C. § 201** *et seq.***, and The Illinois Minimum Wage Law, 820 ILCS 105/1** *et seq.* with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for plaintiffs, as follows:

      Aaron B. Maduff (abmaduff@madufflaw.com)
      Jason M. Johnson (jmjohnson@madufflaw.com)

                s/ Ericka K. Foster
                Ericka K. Foster
                Paul, Hastings, Janofsky & Walker LLP
                191 North Wacker Drive, 30th Floor
                Chicago, Illinois  60606
                Tel.:  312-499-6000
                Fax:  312-499-6100
                E-Mail:  erickafoster@paulhastings.com

                Counsel for Defendant
                Marsh & McLennan Companies, Inc.