UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JURIK and DALE TOMPKINS, for themselves and on behalf of similarly situated others, | Case No. 08 C 544 |
| Plaintiffs, | |
| v. | Honorable Matthew F. Kennelly |
| MARSH USA, INC., | Magistrate Judge Schenkier |
| Defendant. | |

**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201** *et seq.*

Plaintiffs Michael Jurik *et al.*, for themselves and on behalf of similarly situated others, by and through their attorneys, Aaron B. Maduff and Jason M. Johnson of Maduff & Maduff, LLC, for their Complaint against Defendant allege and state as follows:

### I.  INTRODUCTION

1. Plaintiffs and similarly situated others work or worked for Defendant, one of the country's largest insurance companies, as Policy Analysts. Defendants never paid Plaintiffs and similarly situated others, who were salaried employees, overtime for any hours worked in excess of 40 in any given week, despite that they were nothing more than proofreaders. Defendants' violations of federal overtime laws were willful.

### II.  PARTIES

2. Plaintiffs Michael Jurik, Dale Tompkins, and similarly situated others, are current and former employees of Defendant and are employees as defined in 29 U.S.C. §203(e). Consents to be

Plaintiffs are attached as Exhibit A to this Complaint.

3. Plaintiffs bring claims individually and as part of a collective action under 29 U.S.C. §216(b) on behalf of other similarly situated employees currently or formerly employed by Defendants. The collective action claims are for overtime compensation, liquidated damages (or, alternatively, interest), and attorney's fees and costs under 29 U.S.C. §§207 and 216(b).

4. Defendant Marsh USA, Inc. ("Marsh") is a corporation licensed in Delaware and doing business within the territorial limits of this District. Defendant Marsh was and is at all relevant times an employer and an enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C.§§203(d) and 203(s).

5. Defendant employs, or has employed, Plaintiffs and many hundreds of similarly situated employees across the United States.

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiffs' claims against Defendant pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

7. Venue is proper in this District as the acts giving raise to this cause of action took place in this District and Defendant regularly conducts business in this District.

### IV. FACTUAL BACKGROUND

8. Defendant Marsh is an insurance company whose primary clients are large domestic and global companies that require property and casualty insurance.

9. Plaintiffs and similarly situated others are salaried employees who work or worked

for Defendant as Policy Analysts. Defendant employ hundreds of Policy Analysts throughout the United States.

10. Defendant Marsh's insurance policies are of a limited duration. Once a customer's insurance policy lapses, the client has to enter into a new policy to continue coverage.

11. Plaintiffs' duties as Policy Analysts involve proofreading new policies to make sure that items included in a client's previous policy are carried over to the new policy. Plaintiffs and similarly situated others have been warned that they are not to read the policies they work on.

12. None of the Plaintiffs have management authority.

13. Plaintiffs and similarly situated others are required to work long hours after work and on weekends to complete their work assignments or they face disciplinary action.

14. Defendant is aware of and encourages the long hours worked by Plaintiffs and similarly situated individuals.

15. Defendant fails to make and keep records of all of the hours Plaintiffs and similarly situated individuals have worked as required by the Fair Labor Standards Act ("FLSA").

16. Defendant has also knowingly and intentionally failed to provide Plaintiffs and similarly situated individuals with an itemized statement of total hours worked with each payment of wages.

17. Upon information and belief Defendant's unlawful pay practices are consistent for Plaintiffs and similarly situated employees throughout the United States.

18. Plaintiffs and similarly situated employees are covered by the FLSA, which requires employers to pay employees one-and-one half times their normally hourly rate for hours worked in excess of 40 in any given week.

19. Plaintiffs and similarly situated individuals have not been paid overtime for any hours in excess of 40 in any given week.

20. Plaintiffs and similarly situated individuals have complained to Defendant of having not received overtime. Nevertheless, they have not been paid overtime for any hours worked in excess of 40 in any given week. Instead, they have been intimidated into not asking for overtime for fear of reprisal.

21. Plaintiffs do not fall under any of the exemptions from the federal overtime requirements.

22. Defendant's denial of overtime compensation to Plaintiffs and similarly situated individuals has been willful and deliberate.

## V. COLLECTIVE ACTION ALLEGATIONS

23. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorney's fees under the FLSA. In addition, numerous current and former employees are similarly situated to Plaintiffs with regard to their wages and claims for unpaid wages and damages, in that they have been denied proper overtime compensation by Defendant in the three (3) years prior to the filing of this Complaint.

24. Plaintiffs are representative of those other current and former employees of Defendant and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action. These similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's records. These individuals may be readily notified of this action and

allowed to opt into it pursuant to 29 U.S.C §216(b) for the purposes of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorney's fees under the FLSA.

### VI.  COLLECTIVE ACTION CLAIMS
### DENIAL OF OVERTIME COMPENSATION
### (29 U.S.C. §§207, 211(c),216(b))

25. Plaintiffs hereby incorporate by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Under the FLSA, 29 U.S.C. §207, Defendant was and remains obligated to compensate Plaintiffs and similarly situated employees for all hours worked in excess of forty (40) in any given week.  Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

27. During the three years prior to the filing of this Complaint, Plaintiffs and similarly situated employees were regularly permitted, encouraged, and/or required to work in excess of forty (40) hours per week but were not paid for such overtime work.

28. By failing to pay overtime compensation due to Plaintiffs and similarly situated employees, Defendant willfully, knowingly, and/or recklessly violated the FLSA which require overtime compensation to be paid to non-exempt employees.

29. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

30. Defendant has made it difficult to account with precision for the unpaid overtime

worked by Plaintiffs and similarly situated employees during the liability period because it did not make, keep, and preserve records of all the hours worked by such employees as required for non-exempt employees pursuant to 29 U.S.C. §211(c).

    WHEREFORE, Plaintiffs request the following relief:

    a)    Authorization to issue notice pursuant to 29 U.S.C. §216(b) at the earliest possible time to all current and former similarly situated employees of Defendant during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of their right to opt into this lawsuit if they worked excess of forty (40) hours in a week during the past three (3) years and were not paid overtime as required by the FLSA;

    b)    A declaratory judgment that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207, as to the Plaintiffs and similarly situated persons who opt into this action;

    c)    A declaratory judgment that Defendant's violations of the FLSA were willful;

    d)    An award to Plaintiffs and other similarly situated persons who opt into this action of damages in the amount of unpaid overtime compensation to be proven at trial;

    e)    An award to Plaintiffs and other similarly situated persons who opt into this action of liquidated damages in an amount equal to the overtime compensation shown to be owed to them pursuant to 29 U.S.C. §216(b); or, if liquidated damages are not awarded, then in the alternative, prejudgment interest;

    f)    An award to Plaintiffs and other similarly situated person who opt into this action of reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b); and

    g)    An award of such other and further relief as this Court deems just and equitable.

          Respectfully submitted,

          Michael Jurik, Dale Tompkins, and similarly situated others


          By: s/Jason M. Johnson
                 One of their attorneys

Jason M. Johnson
Atty. No. 6286500
Aaron B. Maduff
Atty. No. 6226932
Maduff & Maduff, LLC
One East Wacker Dr., Suite 2122
Chicago, Illinois 60601
312/276-9000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL JURIK and DALE TOMPKINS, for themselves and on behalf of similarly situated others, | Case No. 08 C 544 |
| Plaintiffs, | |
| v. | Honorable Matthew F. Kennelly |
| MARSH USA, INC., | Magistrate Judge Schenkier |
| Defendant. | |

**CERTIFICATE OF SERVICE**

To:
Steven T. Catlett
Ericka K. Foster
Paul, Hastings, Janofsky & Walker LLP
191 North Wacker Drive
30th Floor
Chicago, Illinois 60606

    I, Jason M. Johnson, hereby certify that I served a copy of the First Amended Complaint to the party listed above, via electronic filing, on Thursday, May 29, 2008.

                                    /s/      Jason M. Johnson

Jason M. Johnson
Atty. No. 06286500
Maduff & Maduff, LLC
One East Wacker Drive, Suite 2122
Chicago, IL 60601
(312) 276-9000